```
                                    FILED
                            CLERK U.S. DISTRICT COURT

                                 AUG 18 2008

                            CENTRAL DISTRICT OF CALIFORNIA
                            BY                      DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN A. FLETCHER,              )<br>                                 )<br>                Petitioner,    )<br>                                 )<br>           v.                    )<br>                                 )<br> M. C. KRAMMER, Warden,          )<br>                                 )<br>                Respondent.      )<br>_____) | NO. CV 08-4332-AHM (CT)<br><br>ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING MOTION TO STAY THE PROCEEDINGS |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the magistrate judge's report and recommendation, petitioner's first amended petition, petitioner's motion for a stay of the proceedings and petitioner's motions for judicial notice.

    In the report and recommendation, the magistrate judge recommended dismissal of the petition without prejudice for failure to exhaust state remedies, unless petitioner filed a fully exhausted first amended petition. See Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005)(holding that before dismissal of mixed petition containing both exhausted and unexhausted grounds, court must give petitioner "'the choice of returning to state court to exhaust his [grounds] or of amending or resubmitting the habeas

petition to present only exhausted [grounds] to the district court.'") (quoting Rose v. Lundy, 455 U.S. 509, 510 (1982)).

On July 24, 2008, petitioner filed a first amended petition. The first amended petition is not fully exhausted. Specifically, in ground four, petitioner asserts five separate claims of constitutionally ineffective assistance by his trial counsel, including "failure to investigate issues of case." (Am. Pet. at 6). However, in his petition for review to the California Supreme Court, which is attached to the first amended petition, petitioner raised five specific claims of ineffective assistance of counsel and "failure to investigate issues of case" was not one of them. (See Am. Pet., attached Petition for Review at 13-15).

Further, the court takes judicial notice of the case information on the California appellate courts' official website, www.courtinfo.ca.gov, which indicates that on July 23, 2008, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (See California Appellate Courts - Case Information - Supreme Court Case No. S165371 at www.courtinfo.ca.gov). Where there is a pending post-conviction proceeding in state court, the exhaustion requirement is not satisfied. See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) ("When . . . an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts.")

Accordingly, despite being given an opportunity to amend,

petitioner has failed to fully exhaust his state remedies and the first amended petition must be dismissed without prejudice.

At the same time petitioner filed his first amended petition, he also filed a motion to stay the proceedings while he returns to state court to exhaust his unexhausted grounds. However, although a district court has discretion to stay a mixed petition, "stay and abeyance should be available only in limited circumstances." Rhines v. Weber, 544 U.S. 269, 277 (2005). Specifically, "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. Petitioner has not demonstrated good cause for his failure to exhaust his state remedies before filing his federal petition.

Moreover, according to the face of the amended petition, the California Supreme Court denied petitioner's petition for review on November 14, 2007. (Am. Pet. at 3). If that is the case, then petitioner still has some time left before the statute of limitations expires. See 28 U.S.C. § 2244(d)(The one-year period of limitation applicable to federal habeas petitions filed by state prisoners generally runs from the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review and is tolled during the period of time in which a properly filed application for state post-conviction or other collateral review is pending).

Petitioner's motions for judicial notice are denied.

ACCORDINGLY, IT IS ORDERED THAT:

1. The motion to stay the proceedings is denied.

3

2. The report and recommendation is accepted.

3. Judgment shall be entered consistent with this order.

4. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: August 18, 2008

*/s/ A. Howard Matz*
A. HOWARD MATZ
UNITED STATES DISTRICT JUDGE